**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chiropractic Benefit Services, Inc., et al., ) | No. CV-08-0496-PHX-FJM |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Compass Insurance Agency, Inc., et al., ) | |
| Defendants. ) | |

We have before us plaintiffs' motion to amend the complaint (doc. 37), defendants' response (doc. 41), and plaintiffs' reply (doc. 46). Plaintiffs seek to amend the complaint in order to name Teresa Quale and Douglas Fyfe as defendants. Defendants oppose the motion, arguing that the amendment is futile and presented for the sole purpose of destroying diversity jurisdiction. Because we conclude that plaintiffs have asserted cognizable claims against Quale and Fyfe, we grant the motion to amend the complaint (doc. 37).

Rule 15(a)(2), Fed. R. Civ. P., provides that we should freely grant leave to amend "when justice so requires." We may deny leave, however, if the proposed amendment would be futile. In re DRAM Antitrust Litigation, 538 F.3d 1107, 1115 (9th Cir. 2008).

Quale and Fyfe are Arizona residents and employees of defendant Compass Insurance Agency, Inc. Plaintiffs' amended complaint asserts eight state law causes of action against defendants: breach of contract, breach of the duty of good faith and fair dealing, conversion and misappropriation of corporate opportunities, intentional interference with contractual relations, negligent interference with business expectancy, unjust enrichment,

1  misappropriation of trade secrets, and replevin.  Plaintiffs seek injunctive and declaratory
2  relief, as well as compensatory and punitive damages.

3  Plaintiffs do not assert new or separate causes of action against Quale and Fyfe in the
4  proposed amended complaint, but instead include them in the generic definition of
5  "defendants."  The only allegation specific to Quale and Fyfe is that they "had personal
6  motives and interest in the demise of Plaintiffs separate and distinct from those of Compass
7  in that both have prior dealings with the successor insurance administrator and hostility."
8  Amended Complaint ¶ 17.  In their motion to amend, they contend that "Fyfe and Quale
9  personally orchestrated the entire scheme upon which the Complaint is based."  Motion at
10 4.

11 Without reference to a specific cause of action, defendants argue broadly that the
12 proposed amendment does not raise cognizable claims against Quale or Fyfe because the
13 plaintiffs do not contend that Quale and Fyfe acted outside the scope of their employment.
14 They argue, therefore, that the amendment would be futile and must be denied.  We disagree.

15 Under Arizona law, corporate directors may be personally liable for torts committed
16 by the corporation if they "participate or have knowledge amounting to acquiescence or [are]
17 guilty of negligence in the management and supervision of the corporate affairs causing or
18 contributing to the injury."  Jabczenski v. S. Pac. Mem'l Hosps., 119 Ariz. 15, 20, 579 P.2d
19 53, 58 (Ct. App. 1978). Individual director liability for personal participation in tortious acts
20 may be imposed even though the acts were performed solely for the benefit of the
21 corporation.  Id.  The same is true with corporate employees.  An employee is subject to
22 liability for harm caused by his own tortious conduct, even where the employee acts within
23 the scope of employment.  Restatement (Third) of Agency § 7.01 (2006); Estate of Walton,
24 164 Ariz. 498, 500, 794 P.2d 131, 133 (1990) (holding that in the absence of Arizona law to
25 the contrary, courts will apply the Restatement).

26 Plaintiffs assert tort claims of interference with contract, conversion, and
27 misappropriation of trade secrets against Quale and Fyfe.  While the amended complaint is
28 lacking in particularity regarding the specific acts taken by Quale and Fyfe, we conclude that

1 the amended complaint sufficiently raises cognizable claims.  For example, in <u>Southern Union Co. v. Southwest Gas Corp.</u>, 165 F. Supp. 2d 1010, 1038 (D. Ariz. 2001), the court recognized that an employee may be liable for interference with an employer's contract where his actions were contrary to the corporation's interests.  In <u>Jabczenski</u>, 119 Ariz. at 20, 579 P.2d at 58, the court held that an officer of corporation may be liable for conversion of plaintiff's property even though the act was done on behalf of the corporation.  Finally, in <u>Chanay v. Chittenden</u>, 115 Ariz. 32, 39, 563 P.2d 287, 294 (1977), the court recognized that an employee may be personally liable for misappropriation of trade secrets performed on behalf of his employer.  With respect to these theories of tort liability, the employee did not escape personal liability simply because he was acting within the scope of his employment.

We conclude that plaintiffs have adequately asserted cognizable claims against Quale and Fyfe, and accordingly that their proposed amendment is not futile.  We note that while the circumstances of plaintiffs' motion to amend, filed after our denial of plaintiffs' application for temporary restraining order (doc. 18), is somewhat suspect, we nevertheless conclude that amendment is appropriate.  The motion to amend was made within the deadline set by our Rule 16 scheduling order, (doc. 28) and at least on its face we cannot conclude that the claims are futile.

**IT IS ORDERED GRANTING** plaintiffs' motion for leave to amend (doc. 37).  Because the amendment divests us of diversity jurisdiction, we remand this case to the Superior Court of Arizona in Maricopa County, pursuant to 28 U.S.C. § 1447(c).  Because plaintiffs are responsible for this remand, they are not entitled to costs and fees associated with the removal.

DATED this 24th day of September, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 3 -